UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| American Eagle Energy Corporation | ) |
| Tax ID / EIN: 20-0237026 | ) Case No. 15-15073-HRT |
| | ) |
| Debtor. | ) |
| | ) |

**DEBTOR'S EXPEDITED MOTION TO DETERMINE ADEQUATE
ASSURANCE OF PAYMENT FOR UTILITY SERVICES AND PRECLUDE
UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

AMERICAN EAGLE ENERGY CORPORATION ("American Eagle" or "Debtor"), as the debtor and debtor-in-possession requests entry of an order, pursuant to 11 U.S.C. § 366, determining adequate assurance for the payment of utility services and precluding utility companies from altering, refusing, or discontinuing services (the "Motion"). In support thereof, Debtor states as follows:

**Jurisdiction**

1. On May 8, 2015 (the "Petition Date") the Debtor and its affiliated AMZG, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); no trustee has been appointed.

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code Sections 1101(1), 1107, and 1108 and under this Court's orders authorizing continued business operations as debtors-in-possession.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b).

606318879.1

**Background**

4. American Eagle was incorporated in the state of Nevada in March 2003 under the name Golden Hope Resources Corp., but later changed its name in July 2005 to Eternal Energy Corp. In December 2011 the company changed its name to American Eagle Energy Corporation in connection with its acquisition of, and merger with, American Eagle Energy, Inc.

5. Upon completion of the 2011 acquisition, American Eagle Energy, Inc. became AMZG, Inc., a wholly owned subsidiary of American Eagle. As of the Petition Date, AMZG has no assets and no operations. AMZG's only debt relates to guarantee claims on American Eagle obligations.

6. The Debtors engage in the acquisition, exploration and development of oil and gas properties, and are primarily focused on extracting proved oil reserves from those properties. During the past five years, the Debtors have engaged in exploration and production activities in the northern United States as well as southeast Saskatchewan, Canada. In July 2014, the Debtors sold all of their net revenue and working interests in Canada to focus on exploration and production opportunities North Dakota and Montana.

7. American Eagle's current exploration and production activities are focused in the northwest portion of Divide County, North Dakota commonly referred to as the Spyglass Area ("Spyglass Area") where American Eagle produces oil and natural gas reserves from the Three Forks and Middle Bakken formations.

8. In connection with its business, the Debtor receives utility service from multiple vendors in Colorado and North Dakota (the "Utilities"). A complete list of the Utilities is attached hereto as **Composite Exhibit "A."**

9. Continuity of the Debtor's utility service is essential for continued operation of the Debtor's business and to prevent irreparable damage to the value of the Debtor's estate.

10. By this Motion, the Debtor seeks entry of any order, pursuant to §366 of the Bankruptcy Code to: (i) determine adequate assurance for the payment of utility service to the Utilities; and (ii) preclude the Utilities from altering, refusing, or discontinuing service.

## Legal Authority

11. Pursuant to Bankruptcy Code Section 366, a utility provider is required to continue providing service to a Chapter 11 debtor provided the debtor furnishes "adequate assurance of payment." *In re Utica Floor Maintenance, Inc.*, 25 B.R. 1010, (N.D. N.Y. 1982).

12. Bankruptcy Code Section 366 governs utility service and provides as follows:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
>
> (c)(1)(A) For purposes of this subsection, the term "assurance of payment" means--
>
> > (i) a cash deposit;
> >
> > (ii) a letter of credit;

(iii) a certificate of deposit;

(iv) a surety bond;

(v) a prepayment of utility consumption; or

(vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.

(B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.

(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

(B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider--

(i) the absence of security before the date of the filing of the petition;

(ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or

(iii) the availability of an administrative expense priority.

(4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

13. The Bankruptcy Court has "the exclusive responsibility for determining the appropriate security which a debtor must provide to his utilities to preclude termination of service for non-payment of pre-petition utility bills." *In re Tarrant*, 190 B.R. 704, 708 (Bankr. S.D.Ga. 1995) (*quoting Begley v. Philadelphia Electric Co. (In re*

*Begley*), 41 B.R. 402, 406 (E.D.Pa.1984), *aff'd* 760 F.2d 46 (3rd Cir.1985)). The statute requires that the debtor provide a utility with "adequate assurance of payment," not an "absolute guarantee of payment." 11 U.S.C. § 366; *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996). Bankruptcy Courts are given reasonable discretion to determine what constitutes adequate assurance of payment. *Caldor*, 199 B.R. at 3; *Utica Floor*, 25 B.R. at 1013.

14.  The Debtor submits that the following procedures and guidelines constitute adequate assurance of payment in accordance with Bankruptcy Code Section 366:

>   (a) upon entry of an order granting this Motion, the Debtor shall post a cash deposit ("Post-petition Deposit") equal to one month's average usage as calculated based on the four calendar months prior to the Petition Date;
>
>   (b) to the extent a deposit is already being held by the Utility, such deposit shall be credited to the Post-petition Deposit required to be paid by the Debtors;
>
>   (c) Debtor shall pay for all post-petition utility services, pursuant to the undisputed terms of the billing statements generated by the Utilities in the ordinary course of business;
>
>   (d) if Debtor fails to pay for any post-petition utility service, pursuant to an undisputed billing statement, then Debtor shall have a ten day period to cure such nonpayment. The ten-day time period shall begin to run upon the due date as reflected in the billing statement;
>
>   (e) the Utilities shall continue to provide services to the Debtor until Debtor fails to perform in accordance with these procedures; and
>
>   (f) if the Utilities maintain more than one account for the Debtor, then the failure to pay for post petition utility services with respect to one account shall not be deemed a failure to pay with respect to any other account if such other account is timely paid.

15.  The amount of each deposit proposed by the Debtor is listed by the corresponding Utility on the attached **Composite Exhibit A**.

16. In addition, the Debtor anticipates sufficient cash, post-petition, to assure the Utilities of prompt and continued payments of all their invoices on an ongoing basis.

17. Debtor maintains that the procedures and guidelines outlined above in addition to the anticipated adequate cash flow of the Debtor post-petition constitute adequate assurance of payment as required by Bankruptcy Code Section 366.

18. Attached hereto as **Exhibit "B"** is a proposed order granting the relief requested in this Motion.

**WHEREFORE**, Debtor respectfully requests that this Court enter an order, pursuant to 11 U.S.C. § 366, determining adequate assurance for the payment for utility services and precluding the Utilities from altering, refusing, or discontinuing service and such further relief that the Court may deem just and proper.

DATED: May 11, 2015.

/s/Jimmy D. Parrish
Elizabeth A. Green, Esq.
Florida Bar No.: 0600547
egreen@bakerlaw.com
Jimmy D. Parrish, Esq.
Florida Bar No.: 0526401
egreen@bakerlaw.com
Lars Fuller, Esq.
Attorney Reg. No. 26051
lfuller@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Ave.
SunTrust Center, Suite 2300
Post Office Box 112 (32802-0112)
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Fax: (407) 841-0168
*Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| American Eagle Energy Corporation | ) |
| Tax ID / EIN: 20-0237026 | ) Case No. 15-15073-HRT |
| | ) |
| Debtor. | ) |
| | ) |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 11, 2015, a true and correct copy of the **DEBTOR'S EXPEDITED MOTION TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICES AND PRECLUDE UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE** was furnished via electronic transmission to all CM/ECF participants requesting electronic notice and via U.S. Postage Prepaid Mail to the following: American Eagle Energy Corporation, 2549 W. Main Street, Suite 202, Littleton, CO 80120 (Debtor); AMZG, Inc., 2549 W. Main Street, Suite 202, Littleton, CO 80120 (Debtor); Paul Silverstein, Esq., Andrews Kurth, 450 Lexington Avenue, New York, NY 10017 (Counsel for the Ad Hoc Noteholders); all Utilities on the Composite Exhibit A; all creditors and parties-in-interest on the matrix attached to the original of this Motion and filed with the Court; and the Office of the United States Trustee, Byron G. Rogers Federal Building, 1961 Stout St., Suite 12-200, Denver, Colorado 80294.

/s/ Jimmy D. Parrish
Jimmy D. Parrish, Esq.

```
     Top 20 Unsecured Creditors Matrix (as of 5.11.15).TXT
640 Energy, LLC
1400 16th Street
Suite 400
Denver, CO 80202

Arctic Energy Services, LLC
PO Box 1321
Glenrock, WY 82637

Atlas Tubular, LP
PO Box 431
Robstown, TX 78380

Cruz Energy Services, LLC
7000 E. Palmer-Wasilla Hwy
Palmer, AK 99645

Dishon Disposal, Inc.
5613 DTC Parkway
Suite 800
Greenwood Village, CO 80111

DNOW L.P.
NOV Wilson, LP.
PO Box 200822
Dallas, TX 75320-0822

GE Oil & Gas Pressure Control LP
PO Box 911776
Dallas, TX 75391-1776

Halliburton  Energy Services, Inc.
PO Box 301341
Dallas, TX 75303-1341

Hydratek, Inc.
12069 Highway 16
Sidney, MT 59270

Jacam Chemicals 2013, LLC
PO Box 96
205 South Broadway
Sterling, KS 67579

                          Page 1
```

```
     Top 20 Unsecured Creditors Matrix (as of 5.11.15).TXT
KLX Energy Services, LLC
28099 Expedite Way
Chicago, IL 60695-0001

Liberty Oilfield Services, LLC
950 17th Street
Suite 2000
Denver, CO 80202

National Oilwell Varco
Wells Fargo Bank
PO Box 201224
Dallas, TX 75320-1224

Northern States Completions
PO Box 1267
Williston, ND 58802

Precision Completion & Production
Svcs.
PO Box 204789
Dallas, TX 75320-4789

Recievables Control Corp.
FBO  Creditors of Portal Service
7373 Kirkwood Court
Minneapolis, MN 55369

Samson Resources Company
PO Box 972282
Dallas, TX 75397-2282

Schlumberger Lift Solutions Canada Ltd.
Lockbox C05618U
PO Box 45 STN M
Calgary, AB T2P 2G9
CANADA

Super Heaters, North Dakota, LLC
PO Box 421328
Houston, TX 77242-1328

Well Water Solutions and
Rentals, Inc.
                          Page 2
```

```
     Top 20 Unsecured Creditors Matrix (as of 5.11.15).TXT
PO Box 2105
Casper, WY 82602
```

```
Secured Creditors Matrix as of 5.11.15 - American Eagle.TXT
Bill Roberts, Esq.
Roberts & Olivia, LLC
2060 Broadway
Suite 250
Boulder, CO 80302

Calfrac Well Services Corp.
717-17 Street
Suite 1445
Denver, CO 80202

CMG Oil & Gas, Inc.
PO Box 829
Stanley, ND 58784

Drill Tech Subsidiary of BJ's DST
f/k/a Drill Tech, LLC
PO Box 519
Mohall, ND 58761

G-Style Transport, LLC
N51012 Hutchins Lane
Eleva, WI 54738

Hamm & Phillips Service Company,
Inc.
PO Box 201653
Dallas, TX 75320-1653

M-I, LLC d/b/a MI-SWACO
PO Box 732135
Dallas, TX 75373-2135

Miller Oil Company, Inc.
Box 4708
Culbertson, MT 59218

Nabors Drilling USA, LP
PO Box 973527
Dallas, TX 75397-3527

Sanjel  USA , Inc.
PO Box 732149
Denver, CO 80202
                                 Page 1
```

```
Secured Creditors Matrix as of 5.11.15 - American Eagle.TXT

Schlumberger Technology Corp.
PO Box 732149
Dallas, TX 75373-2149

State of North Dakota
Oil and Gas Division
600 E. Boulevard
Dept. 405
Bismarck, ND 58505-0840

SunTrust Bank
SunTrust Robinson Humphrey, Inc.
ATTN  Yann Pirio
3333 Peachtree Street NE
Atlanta, GA 30326

Thru Tubing Solutions, Inc.
PO Box 203379
Dallas, TX 75320-3379

Triple S Enterprises, Inc.
PO Box 477
Crosby, ND 58730-0477

U.S. Bank National Association
Trustee, Collateral Agent, Control
Agent -  11th Floor
5555 San Felipe Street
Houston, TX 77056

USG Midstream Bakken 1, LLC
700 Universe Blvd.
Juno Beach, FL 33408

WISCO, Inc.
PO Box 732328
Dallas, TX 75373-2328
```

## COMPOSITE EXHIBIT "A"

| DEBTOR | UTILITY | TYPE OF SERVICE | SERVICE LOCATION | DEPOSIT |
|---|---|---|---|---|
| American Eagle Energy, Corp. | Jive Communication Dept. CH 19606, Palatine, IL 60055-9606 | Telephone Services | Littleton, Colorado | $789.50 |
| American Eagle Energy, Corp. | Xcel Energy P.O. Box 9477, Minneapolis, MN 55484-9477 | Electrical Services | Littleton, Colorado | $1,601.00 |
| American Eagle Energy, Corp. | Comcast P.O. Box 34744, Seattle, WA 98124-1744 | Digital Cable High Speed Internet | Littleton, Colorado | $209.00 |
| American Eagle Energy, Corp. | Adigo Department 2219, Denver, CO 80291-2219 | Telephone Services | Littleton, Colorado | $413.00 |
| American Eagle Energy, Corp. | H&H Electric P.O. Box 2167, Williston, ND 58801 | Electrical Services | Divide County, North Dakota | $2,086.00 |
| American Eagle Energy, Corp. | Global Power 136 W. Canon Perdido Street, Suite 200, Santa Barbara, CA 93101 | Generator Service | Divide County, North Dakota | $58,049.00 |
| American Eagle Energy, Corp. | Clean Harbors P.O. Box 3442, Boston, MA 02241-3442 | Hazardous Waste Disposal | Divide County, North Dakota | $12,372.00 |
| American Eagle Energy, Corp | Sheridan Electric Highway 16 N, Medicine Lake, MT  59247 | Electrical Services | Divide County, North Dakota | $2,500 |

606318879.1                                8

EXHIBIT "B"

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| American Eagle Energy Corporation | ) |
| Tax ID / EIN: 20-0237026 | ) Case No. 15-15073-HRT |
| | ) |
| Debtor. | ) |
| | ) |

### ORDER GRANTING DEBTOR'S EXPEDITED MOTION TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICES AND PRECLUDE UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

This matter is before the Court on the Motion filed by American Eagle Energy Corporation, as debtor and debtor-in-possession ("American Eagle"), requesting the entry of an order, pursuant to 11 U.S.C. § 366, determining adequate assurance for the payment of utility services and precluding utility companies (the "Utility" or collectively, "Utilities,") as specifically described and identified in **Composite Exhibit A** attached hereto, from altering, refusing, or discontinuing services (the "Motion") (Doc. No. ___). Based upon the arguments of the parties, the evidence, and the law, and being otherwise fully advised in the premises it is:

ORDERED:

1. The Motion (Doc. No. ___) is granted to the extent provided herein.

2. The Debtor and the Utilities, as identified on **Composite Exhibit A**, shall comply with the following procedures and guidelines, which constitute "adequate assurance of payment" in accordance with Bankruptcy Code Section 366:

606326586.1

(a) upon entry of an order granting this Motion, Debtors shall post a cash deposit (the "Post-petition Deposit") equal to the average monthly usage based on the four (4) calendar months prior to the Petition Date;

(b) to the extent a deposit is already being held by the Utility, such deposit shall be credited to the Post-petition Deposit required to be paid by Debtors;

(c) Debtors shall pay for all post-petition utility services, pursuant to the undisputed terms of the billing statements generated by the Utilities in the ordinary course of business;

(d) if Debtors fail to pay for any post-petition utility service, pursuant to an undisputed billing statement, then Debtor shall have a ten (10) day period to cure such nonpayment. The ten-day time period shall begin to run upon the due date as reflected in the billing statement;

(e) the Utilities shall continue to provide services to Debtors until Debtors fail to perform in accordance with these procedures; and

(f) if the Utilities maintain more than one account for Debtors, then the failure to pay for post-petition utility services with respect to one account shall not be deemed a failure to pay with respect to any other account if such other account is timely paid.

3. Any interested party may object to this order within twenty (20) days from the date of service of this order. If an interested party files such an objection within this time period, the Court will schedule the Motion and objection for hearing on notice to the Debtor, the objecting party, the United States Trustee, and any committee that may be formed and to its counsel.

DONE AND ORDERED:

HONORABLE HOWARD R. TALLMAN
United States Bankruptcy Judge

*Copies furnished to:*

American Eagle Energy Corporation and AMZG, Inc., 2549 West Main Street, Suite 202, Littleton, Colorado 80120, Attention: Bradley M. Colby, President & CEO, (*Debtors*);

Elizabeth A. Green, Esq., Baker Hostetler, LLP, 200 South Orange Ave., SunTrust Center, Suite 2300, Orlando, Florida 32801-3432 (*Debtors Attorney*);

U.S. Trustee, Byron G. Rogers Federal Building, 1961 Stout Street, Ste 12-200, Denver, Colorado 80294;

All Utilities on the attached Composite Exhibit A attached to this Order;

All creditors listed on the matrix attached to the original of the Motion and filed with the Court.

## COMPOSITE EXHIBIT "A"

| DEBTOR | UTILITY | TYPE OF SERVICE | SERVICE LOCATION | DEPOSIT |
|---|---|---|---|---|
| American Eagle Energy, Corp. | Jive Communication Dept. CH 19606, Palatine, IL 60055-9606 | Telephone Services | Littleton, Colorado | $789.50 |
| American Eagle Energy, Corp. | Xcel Energy P.O. Box 9477, Minneapolis, MN 55484-9477 | Electrical Services | Littleton, Colorado | $1,601.00 |
| American Eagle Energy, Corp. | Comcast P.O. Box 34744, Seattle, WA 98124-1744 | Digital Cable High Speed Internet | Littleton, Colorado | $209.00 |
| American Eagle Energy, Corp. | Adigo Department 2219, Denver, CO 80291-2219 | Telephone Services | Littleton, Colorado | $413.00 |
| American Eagle Energy, Corp. | H&H Electric P.O. Box 2167, Williston, ND 58801 | Electrical Services | Divide County, North Dakota | $2,086.00 |
| American Eagle Energy, Corp. | Global Power 136 W. Canon Perdido Street, Suite 200, Santa Barbara, CA 93101 | Generator Service | Divide County, North Dakota | $58,049.00 |
| American Eagle Energy, Corp. | Clean Harbors P.O. Box 3442, Boston, MA 02241-3442 | Hazardous Waste Disposal | Divide County, North Dakota | $12,372.00 |
| American Eagle Energy, Corp | Sheridan Electric Highway 16 N, Medicine Lake, MT 59247 | Electrical Services | Divide County, North Dakota | $2,500 |

606326586.1                                4