# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| American Eagle Energy Corporation | ) Case No. 15-15073-HRT |
| Tax ID / EIN: 20-0237026 | ) |
| | ) |
| AMZG, Inc. | ) Case No. 15-15074-HRT |
| Tax ID / EIN: 20-8642477 | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER (I) ESTABLISHING INFORMATION
SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of American Eagle Energy Corporation ("AEEC"), one of the debtors and debtors in possession in the above-captioned case (the "Debtors") under chapter 11 of Title of the United States Code (as amended, the "Bankruptcy Code"), by and through its undersigned proposed counsel, hereby moves (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Committee to provide information to creditors and establishing information sharing procedures. In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

3. On May 8, 2015, the Debtors each filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and manage their properties and assets as debtors in possession. No trustee or examiner has been appointed in these cases.

4. On May 15, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 84]. The Committee consists of the following five members: (i) Halliburton Energy Services, Inc.; (ii) Precision Completion & Production Services, Ltd.; (iii) Nabors Drilling USA, LP; Super Heaters North Dakota, LLC; (iv) Schlumberger Technology Corporation; (v) Portal Service Company; and (vi) Baker Hughes Oilfield Operations.

## RELIEF REQUESTED

5. By this Motion, the Committee seeks entry of an order clarifying section 1102(b)(3)(A) of the Bankruptcy Code, which requires the Committee to provide access to information to any creditor that holds an unsecured claim. Specifically, the Committee seeks to (a) clarify that the Committee is not required to provide access to Confidential Information (as defined below) and/or Privileged Information (as defined below) and (b) establish procedures that will help assure that confidential, privileged, proprietary, and/or material non-public information will not be disseminated to the detriment of the Debtors' estates and will aid the Committee in performing its statutory functions.

## BASIS FOR RELIEF

6. Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). However, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

7. The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor and other parties will share various confidential and other non-public proprietary information with a creditors' committee (the "Confidential Information").[1] Creditors' committees then use this Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, potential asset sales, potential litigation, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan. Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor. In this case, the Committee expects the Debtors and other parties to provide, among other things, information about asset sales, valuations of properties, information pertaining to potential litigation claims, and historical financial and

---

[1] For purposes of this Motion, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtors' financial condition or performance, the Debtors' business operations, including, without limitation, any and all information relating to the Debtors' suppliers and customers, the valuation of the Debtors and/or their assets, or the sale of the Debtors' assets provided to the Committee by the Debtors, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtors (whether or not marked confidential), or any other materials provided to the Committee by or on behalf of the Debtors, as well as derivations, summaries, and analyses of the same.

related information which may be confidential under section 107 of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedures and applicable state or federal law.

8. In this case, absent appropriate protections, the Debtors and other parties might be unwilling or unable to share Confidential Information with the Committee, thereby impeding the Committee's ability to function effectively. As such, given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement of the Committee to provide access to information to exclude Confidential Information.

9. Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege or doctrine). Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information (collectively, the "Privileged Information").[2] Clearly, any obligation to disseminate Privileged Information could hamstring Committee counsel's ability to effectively communicate with and advise the Committee. Thus, the Committee seeks an order of the Court clarifying that the Committee is not obligated under section 1102 to provide access to any Privileged Information. However, the Committee should be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Committee.

10. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in

---

[2] For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party.

which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters… the intention of the drafters, rather that the strict language, controls." *Id.* at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotation omitted)).

11. The Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a creditors' committee "to provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable). *See* 17 C.F.R. §§243.100 to 243.103 (2005).

12. The legislative history for section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports and disclosures available to them."). As such, the Court should look to other sections of the Bankruptcy Code for guidance regarding whether Congress intended to require committees to disclose confidential information pursuant to section 1102(b)(3). Based on the terms of the Bankruptcy Code and Rules, it is clear that Congress could not have intended for a creditors' committee to be required to provide unfettered access to

every type and kind of information that a creditors' committee receives from another party. If this had been the intention, section 1102(b)(3) would then frustrate other provisions of the Bankruptcy Code and Rules, such as section 107(b) or Rule 9018.

13. Section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information." The language of section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).

14. That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. As a result, section 107(b)(1) and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Confidential Information and all Privileged Information from disclosure to general creditors.

15. In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code. Moreover, the requested relief is appropriate and within the Court's authority.

16. The relief sought by the Committee is not only for the benefit of the Debtors and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach any confidentiality provisions in its Bylaws. A creditors' committee cannot be put in a position of either violating the statute or breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtors and potentially other parties.

17. Finally, the risk to the Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems. If the Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege as that time, the entire purpose of such privilege would be eviscerated, and both the Debtors and the Committee would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster. Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional.

18. Accordingly, bankruptcy courts in this district and across the country that have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g., In re Lakeview Development Corporation*, Case No. 14-16938 (Bankr. Dist. Colo. Oct. 23, 2014); and *In re Shane Co.*, Case No. 09-10367 (Bankr. Dist. Colo. Apr. 1, 2009). *See also In re National Air Cargo, Inc.,* Case No. 14-12414 (MJK) (Bankr. W.D.N.Y Jan. 27, 2015); *In re Refco, Inc.* (2005 WL 3543953) (Bankr. S.D.N.Y Dec. 23, 2005).

19. In order to carry out its statutory reporting obligations in an orderly manner, the Committee proposes the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

    a. **Privileged and Confidential Information**. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

    b. **Information Obtained Through Discovery**. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

    c. **Creditor Information Requests**. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102 (b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall

be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera.

  d. <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

20. The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Committee and affected creditors.

21. The Committee, through its proposed counsel, will also establish and maintain a website, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of this chapter 11 case and a further order of the Court. For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to the Committee's own web page at www.pszjlaw.com/AmericanEagle to make non-confidential and non-privileged information

available to unsecured creditors. The Committee website will contain links to the Court's ECF\CM website, posts of relevant pleadings, and provide creditors with the information necessary to email or contact Committee counsel. Further, in order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtors' logo on the website during the period that this case is active.

22. The potential disclosure of nonpublic or privileged information to creditors will not foster a reorganization of the Debtors but will likely cause serious harm to the Debtors' estates. Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to maximize the value of the estates, the Committee respectfully requests that the relief herein be granted.

## NO PRIOR REQUEST

23. No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

24. Notice of this Motion has been given to the following parties: (a) the Office of the United States Trustee for the District of Colorado; (b) counsel to the Debtors; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested therein, and such other and further relief as this Court deems appropriate.

Dated: May 27, 2015

JONES & KELLER, P.C.

*/s/ Barry J. Wilkie/*

Barry Wilkie (CO Bar No. 10751)
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Facsimile: (303) 573-8133
Email: bwilkie@joneskeller.com

And

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esquire
Ira D. Kharasch, Esquire
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com

[Proposed] Counsel to the Official Committee of Unsecured Creditors

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of May, 2015, I served by prepaid first class mail a copy of the foregoing MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) ESTABLISHING INFORMATION SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and these L.B.R. at the following addresses:

Elizabeth A. Green
Jimmy D. Parrish
Baker & Hostetler LLP
200 S. Orange Ave.
Suntrust Center, Ste. 2300
Orlando, FL 32801

American Eagle Energy Corporation
2549 W. Main St., Suite 202
Littleton, CO 80120

Jeremy L. Graves
Gibson, Dunn & Crutcher, LLP
1801 California Street, Suite 4200
Denver, CO 80202
*U.S. Bank*

William A. (Trey) Wood III
Bracewell & Giuliani LLP
711 Louisiana Street, Ste 2300
Houston, TX 77002
*Murex Petroleum Corporation*

John F. Young
James Markus
Markus Williams Young & Zimmerman LLC
1700 Lincoln St., Ste 4000
Denver, CO 80203
*Ad Hoc Group of 2019 Secured Noteholders*

US Trustee
Attn: Alan K. Motes
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Carl Dore', Jr.
17171 Park Row, Suite 160
Houston, TX 77084
*Halliburton Energy Services, Inc.*

Daniel J. Morse
Assistant U.S. Trustee, Dist. of Wyoming
U.S. Department of Justice
308 West 21st, Street, Room 203
Cheyenne, WY 82001

Theodore J. Hartl
Lindquist & Vennum LLP
600 17th St. Suite 1800 South
Denver, CO 80202
*Power Energy Partners LP*

Duncan E. Barber
Stacey Dawes
Bieging Shapiro & Barber LLP
4582 S. Ulster St Pkwy, Ste 1650
Denver, CO 80237
*Hydratek, Inc.*

Stephen M. Pezanosky
Autumn D. Highsmith
Haynes & Boone LLP
2323 Victory Ave., Ste. 700
Dallas, TX 75219
*USG Properties Bakken I, LLC &*
*USG Midstream Bakken I, LLC*

James S. Carr
Benjamin D. Feder
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
*US Bank as Trustee*

Robert Hill, Esq.
5334 S. Prince Street
Littleton, CO 80166
Arapahoe County Treasurer


The twenty largest unsecured creditors
listed on the matrix attached



*s/ Tammy Harris*
Tammy Harris

```
Label Matrix for local noticing          640 Energy, LLC                     Arctic Energy Services, LLC
1082-1                                   1400 16th Street                    PO Box 1321
Case 15-15073-HRT                        Suite 400                           Glenrock, WY 82637-1321
District of Colorado                     Denver, CO 80202-5995
Denver
Wed May 27 13:43:58 MDT 2015

Atlas Tubular, LP                        Cruz Energy Services, LLC           DNOW L.P.
PO Box 431                               7000 E. Palmer-Wasilla Hwy          NOV Wilson, LP.
Robstown, TX 78380-0431                  Palmer, AK 99645-7715               PO Box 200822
                                                                             Dallas, TX 75320-0822


Dishon Disposal, Inc.                    Frontier Fiscal Services            GE Oil & Gas Pressure Control LP
5613 DTC Parkway                         f/k/a 4G                            PO Box 911776
Suite 800                                PO Box 717                          Dallas, TX 75391-1776
Greenwood Village, CO 80111-3036         Crosby, ND 58730-0717


Halliburton  Energy Services, Inc.       Hydratek, Inc.                      Jacam Chemicals 2013, LLC
PO Box 301341                            12069 Highway 16                    PO Box 96
Dallas, TX 75303-1341                    Sidney, MT 59270-6334               205 South Broadway
                                                                             Sterling, KS 67579-2339


KLX Energy Services, LLC                 Liberty Oilfield Services, LLC      Northern States Completions
28099 Expedite Way                       950 17th Street                     PO Box 1267
Chicago, IL 60695-0001                   Suite 2000                          Williston, ND 58802-1267
                                         Denver, CO 80202-2801


Precision Completion & Production        Recievables Control Corp.           Samson Resources Company
Svcs.                                    FBO  Creditors of Portal Service    PO Box 972282
PO Box 204789                            7373 Kirkwood Court                 Dallas, TX 75397-2282
Dallas, TX 75320-4789                    Minneapolis, MN 55369


Schlumberger Lift Solutions Canada Ltd.  Super Heaters, North Dakota, LLC    Well Water Solutions and
Lockbox C05618U                          PO Box 421328                       Rentals, Inc.
PO Box 45 STN M                          Houston, TX 77242-1328              PO Box 2105
Calgary, AB T2P 2G9                                                          Casper, WY 82602-2105
CANADA


End of Label Matrix
Mailable recipients    20
Bypassed recipients     0
Total                  20
```