## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Eagle Energy Corporation | ) | Case No. 15-15073-HRT |
| Tax ID / EIN: 20-0237026 | ) | |
| | ) | |
| AMZG, Inc. | ) | Case No. 15-15074-HRT |
| Tax ID / EIN: 20-8642477 | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF PACHULSKI STANG
ZIEHL & JONES LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF MAY 20, 2015**

The Official Committee of Unsecured Creditors (the "Committee") of American Eagle

Energy Corporation ("AEEC"), one of the debtors and debtors in possession in the above-

captioned cases (the "Debtors"), hereby files this *Application for Approval of Employment of*

*Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Unsecured Committee of*

*Unsecured Creditors Effective as of May 20, 2015* (the "Application"), and in support thereof

states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§

157 and 1334.  Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This

matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.      The relief sought with this Application is based upon Sections 328, 330,

and 1103 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy

Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## Statement of Facts

3.      On May 8, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

4.      On May 15, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 84]. The Committee consists of the following five members: (i) Halliburton Energy Services, Inc.; (ii) Precision Completion & Production Services, Ltd.; (iii) Nabors Drilling USA, LP; Super Heaters North Dakota, LLC; (iv) Schlumberger Technology Corporation; (v) Portal Service Company; and (vi) Baker Hughes Oilfield Operations. The *Appointment of Official Committee* of *Unsecured Creditors* was filed on May 15, 2015.

5.      On May 20, 2014, the Committee held its initial meeting and, among other things, voted to retain PSZ&J as its lead and Jones Keller as its local counsel, subject to Court approval.

## Relief Requested

6.      By this Application, the Committee respectfully requests that the Court enter an order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy

2

Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain PSZ&J as its counsel in these cases.  The Committee seeks to retain PSZ&J as of May 20, 2015, because the Committee required effective representation prior to the time that a retention application could be submitted to the Court due to the exigencies of these cases, and the Firm has been providing services to the Committee since May 20, 2015.

## Qualifications of PSZ&J

7.       The Firm has over 60 attorneys with a practice concentrated on reorganization, bankruptcy, litigation and commercial matters.  The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases throughout the country, including Buffet Partners, Reddy Ice, Key Fitness Products, Circuit City, Bakers Footware, Back Yard Burgers, Inc., Contract Research Solutions, Inc., Coach Am Group Holdings Corp., SSI Group Holding Corp., CB Holding Corp. (Charlie Brown's), and Palm Harbor Homes, among others.  The Firm also has experience in oil and gas bankruptcy cases, having represented both companies and creditors committees in the Flying J, Tri-Valley Oil & Gas, Carribean Petroleum Corporation, Trico Marine Services, and Pacific Energy Resources chapter 11 cases, among others and has been recently selected as committee counsel in ERG Resources bankruptcy.  More information about PSZ&J generally and its expertise as counsel to committees specifically is available on its website at www.pszjlaw.com.  Based on these facts, the Committee believes that the Firm is well qualified to render the services as described below.

3

## **Services to be Rendered**

8.      Subject to further order of this Court, PSZ&J is expected to render, among

other services, the following services to the Committee:

     a.     Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these Cases;

     b.     Assisting, advising and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' business and these Cases;

     c.     Assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

     d.     Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

     e.     Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to these Cases or to the formulation of a plan;

     f.     Assisting, advising and representing the Committee in connection with any sale of the Debtors' assets;

     g.     Assisting, advising and representing the Committee in its analysis of and any objection to any disclosure statement;

     h.     Assisting, advising and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

     i.     Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

     j.     Assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

     k.     Providing such other services to the Committee as may be necessary in these Cases.

**<u>No Adverse Interest and Disclosure of Connections</u>**

9.      To the best of the Committee's knowledge, neither PSZ&J, nor any of its attorneys represent or hold any interest adverse to that of the Committee, the Debtors, their creditors, the Debtors' estates, or any party in interest herein in the matters on which the Firm is to be retained.

10.      To the best of the Committee's knowledge, and based upon the accompanying Declaration of Jeffrey N. Pomerantz (the "<u>Pomerantz Declaration</u>"), neither PSZ&J nor any of its attorneys has any connection with the United States Trustee or any of the Trial Attorneys in the Denver office of the United States Trustee, or any of the judges for the United States Bankruptcy Court for the District of Colorado.

11.      To the best of the Committee's knowledge, and except as set forth in the Pomerantz Declaration and below, neither PSZ&J nor any of its attorneys has a prior or current connection with the Committee, the Debtors, their creditors or any party in interest herein in the matters on which the Firm is to be retained.

12.      As set forth in the Pomerantz Declaration, PSZ&J regularly appears in cases, proceedings, and transactions involving many attorneys, accountants, financial advisors and investment bankers, some of which now or may in the future represent the Debtors, their creditors, the Committee, and other parties in interest in these Cases.  Further, PSZ&J may have represented, may currently represent, and in the future may represent professionals and advisors to members of the Committee in matters unrelated to the Debtors and these Cases.  The Firm does not and will not represent any such entity in these Cases.  The Firm does not have a

5

relationship with any such entities, attorneys, accountants, financial advisors or investment bankers that would be adverse to the Committee or the Debtors' estates.

13.     As set forth in the Pomerantz Declaration, PSZ&J has represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtors and these Cases, whose members may be creditors and/or committee members in these Cases.

14.     Further, PSZ&J has represented, represents, and in the future will likely represent debtors, creditors' committees, trustees or other parties against creditors of the Debtors, including members of the Committee, in cases or proceedings that are unrelated to these Cases. As set forth in the Pomerantz Declaration, the Firm is not representing any of those entities in these cases and will not represent any members of those committees in any claims that they may have collectively or individually against the Debtors.

15.     As set forth in the Pomerantz Declaration, PSZ&J and certain of its partners, of counsel and associates represented, represent, and in the future will likely represent certain of the creditors of the Debtors in connection with matters unrelated to the Debtors and these Cases.  Based upon the conflicts review performed, at this time, the Firm is not aware of any such current representations.  If the Firm identifies any further representations, the Firm shall make disclosures as may be appropriate at that time.  The Firm, however, is not representing and will not represent any of those entities in these Cases.

16.     Although section 1103(b) does not incorporate the "disinterestedness" standard of section 327(a) of the Bankruptcy Code, PSZ&J is a "disinterested person" as that

term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel and associates:

        (a)     are not creditors, equity security holders or insiders of the Debtors;

        (b)     are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors;

        (c)     are not and were not, within three (3) years before the date of the filing of the petitions herein, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors;

        (d)     are not and were not, within two (2) years before the date of the filing of the petitions herein, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors and

        (e)     do not hold nor represent an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason.

        17.     Therefore, to the best of the Committee's knowledge, PSZ&J and the Firm's attorneys are disinterested persons within the meaning of section 101(14) of the Bankruptcy Code.  The Committee submits that its proposed employment of PSZ&J is in the best interests of the Committee and the Debtors' estates.

## **Professional Compensation**

18.     Subject to Court approval in accordance with section 330(a) of the
Bankruptcy Code and any applicable orders of this Court, compensation will be payable to
PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges
incurred by PSZ&J.  The professionals and paralegals presently designated to represent the
Committee and their current standard hourly rates are:

| | | |
|---|---|---|
| (a) | Ira D. Kharasch | $975.00 per hour |
| (b) | Jeffrey N. Pomerantz | $895.00 per hour |
| (c) | Joshua M. Fried | $750.00 per hour |
| (d) | Patricia Jeffries | $305.00 per hour |

19.     The hourly rates set forth above are subject to periodic adjustments to
reflect economic and other conditions.  Other attorneys and paralegals with the Firm may from
time to time serve the Committee as the demands of the Committee and these cases may require.

20.     The Committee desires to employ PSZ&J with reasonable fees to be
determined by the Bankruptcy Court.  No compensation will be paid to the Firm except as
ordered by the Bankruptcy Court pursuant to any interim compensation procedures or upon
application to, and approval by, the Bankruptcy Court after notice and a hearing.  The Firm has
not received a retainer in these cases.

21.     The hourly rates set forth above are PSZ&J's standard hourly rates for
work of this nature.  These rates are set at a level designed to fairly compensate PSZ&J for the
work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is

8

PSZ&J's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  PSZ&J will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients, and all amendments and supplemental standing orders of the Court.  PSZ&J believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

DOCS_LA:289053.4 03706/002

WHEREFORE, the Committee respectfully requests entry of an Order authorizing the Committee to employ and retain PSZ&J as counsel, as of May 20, 2015, and granting such other and further relief as is just and proper.

Dated:  June 5, 2015                                 **PACHULSKI STANG ZIEHL & JONES LLP**

                                                     */s/ Jeffrey N. Pomerantz*
                                                     Jeffrey N. Pomerantz
                                                     Ira D. Kharasch
                                                     10100 Santa Monica Blvd., 13th Fl.
                                                     Los Angeles, CA  90067
                                                     Telephone:  310-277-6910
                                                     Facsimile:  310-201-0760
                                                     Emails:        jpomerantz@pszjlaw.com
                                                                    ikharasch@pszjlaw.com

                                                     *Proposed Attorneys for the Official Committee of*
                                                     *Unsecured Creditors of American Eagle Energy*
                                                     *Corporation*

DOCS_LA:289053.4 03706/002