UNITED STATES BANKRUPTCY COURT
THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| American Eagle Energy Corporation | ) | |
| Tax ID / EIN: 20-0237026 | ) | Case No. 15-15073-HRT |
| | ) | |
| AMZG, Inc. | ) | |
| Tax ID / EIN: 20-8642477 | ) | Case No. 15-15074-HRT |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**EMERGENCY MOTION OF USG PROPERTIES BAKKEN I, LLC
TO PROFFER EXHIBITS UNDER SEAL OR REDACTED**

USG Properties Bakken I, LLC ("USG") files this *Emergency Motion of USG Properties Bakken I, LLC to Proffer Exhibits Under Seal or Redacted* (the "Motion to Seal"). In support of the Motion to Seal, USG respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Bankruptcy Rule 9016(d)(3)(A).

**FACTUAL BACKGROUND**

2. On May 8, 2015, American Eagle Energy Corporation ("American Eagle"), and its affiliate AMZG, Inc. ("AMZG," and together with American Eagle, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The cases are jointly administered under Case No. 15-15073-HRT (the "Bankruptcy Case").

15345922_4

3. On June 26, 2015, the Debtors filed their *Motion of the Debtors for Entry of Orders: (i) Establishing Bidding and Sale Procedures; (ii) Approving the Sale of Assets; and (iii) Granting Related Relief* [Docket No. 172] (the "Sale Motion"), seeking, among other things, the entry of a proposed sale order attached as Exhibit B to the Sale Motion (the "Proposed Sale Order"), approving the sale (the "Sale") of substantially all of the Debtors' Assets (the "Purchased Assets") to the winning bidder at auction free and clear of all interests.

4. On July 24, 2015, the Court entered an order approving the Debtors' proposed bidding procedures (the "Bid Procedures Order") [Docket No. 252]. The deadline for submitting bids was September 2, 2015 (the "Bid Deadline").

5. An auction was scheduled to be held on September 9, 2015 (the "Auction") and the sale hearing was originally scheduled for September 10, 2015 (the "Sale Hearing").

6. On August 20, 2015, USG filed its Objection to the Sale Motion [Docket No. 317].

7. The Auction and Sale Hearing were then postponed until September 24 and 25, 2015, respectively.

8. USG's draft exhibit list in the event the Sale Hearing proceeds is attached hereto as **Exhibit A** (the "W&E List"). The W&E List designates as confidential the documents that are the subject to the request to seal. These documents will demonstrate that USG has a secured claim arising under drilling costs advanced to the Debtors. USG's W&E List contains various contracts and agreements relating to the oil and gas assets of USG and its affiliates (the "Confidential Contracts"). The Confidential Contracts contain sensitive confidential commercial information that reflect terms as between USG and the Debtors which should have the same confidentiality maintained as exists in connection with the inclusion of the Confidential

Contracts in the virtual data room that the Debtors maintain as part of the proposed Sale. In addition, USG owes the Debtors confidentiality obligations pursuant to certain confidentiality agreements included in the Confidential Contracts, and perhaps other applicable law.

## RELIEF REQUESTED AND BASIS THEREFOR

9. In the Sale Hearing, absent consensual resolution, it is anticipated that there will be a need to admit certain of the Confidential Contracts into evidence as part of the proceedings regarding the Sale to ensure that the proceeds arising from any sale are escrowed, and that adequate assurance of performance is provided to contract counterparties pending resolution of the disputes in the lien priority adversary proceedings pending and styled: *Precision Completion & Production Services, Ltd. v. Bennett Management Corporation et al.*, Adversary Proceeding No. 15-01269-HRT and *USG Properties Bakken I, LLC v. American Eagle Energy Corporation et al.*, Adversary Proceeding No. 15-01343-HRT (the "Lien Priority Adversaries").

10. Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 further provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. "[I]f information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24 (2d Cir. 1994).

11. As previously mentioned, the Confidential Contracts are the subject of confidentiality agreements between USG and the Debtors, and therefore constitute confidential information of both parties. Further, the Confidential Contracts contain sensitive and confidential information, including business terms, of USG and the Debtors. In the event that the Confidential Contracts need be tendered into evidence in connection with the Sale Hearing, then USG requests they be either placed under seal or otherwise be allowed to be filed with redactions of the confidential information regarding specific terms reflecting business negotiations and agreements.

12. USG likewise requests that if any party elects to receive the documents that are designated as confidential in the W&E List, that the order on the Motion to Seal shall provide that (i) any such documents received by such party shall be deemed confidential, (ii) any such party's use of the documents shall be limited to the purpose of evaluating USG's objection to the sale motion, and (iii) any such party shall be ordered not to disclose the documents and to use reasonable efforts to treat all such documents as confidential.

13. Such a process will enable the involved parties in interest to obtain the relevant documents under confidentiality, but also ensure that the confidentiality required is honored.

FOR THE ABOVE STATED REASONS, USG respectfully requests that the Court (i) approve the Motion to Seal (ii) enter an order sealing the Confidential Contracts listed on the W&E List in connection with the Sale Hearing, and otherwise permit redactions for any documents to be actually introduced into evidence or filed of record in connection with the Sale Hearing, and (b) grant USG such other and further relief as the Court deems appropriate.

Respectfully submitted on this 18th day of September, 2015.

**HAYNES AND BOONE LLP**

By: */s/ Patrick L. Hughes*
Stephen M. Pezanosky (*admitted to practice in CO*)
Texas State Bar No. 15881850
Autumn D. Highsmith (*admitted to practice in CO*)
Texas State Bar No. 24048806
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
Telephone No.: (214) 651-5000
Facsimile No.: (214) 651-5940
Email: stephen.pezanosky@haynesboone.com
Email: autumn.highsmith@haynesboone.com

and

Patrick L. Hughes (#024264)
**HAYNES AND BOONE, LLP**
1801 Broadway, Suite 800
Denver, CO 80202
Telephone No.: (303) 832-6200
Email: patrick.hughes@haynesboone.com

**ATTORNEYS FOR USG PROPERTIES BAKKEN I, LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned attorney hereby certifies that counsel for USG Properties Bakken I, LLC conferred with counsel for Debtors, Noteholders, and other Objecting Parties by telephone and email regarding the relief requested in the Motion. The undersigned is continuing to work with these counsel on the terms of a final form of order but generally understands that preservation of confidentiality as proposed is generally agreeable.

*/s/ Autumn D. Highsmith*
Autumn D. Highsmith

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was duly served (i) by email (where indicated) or by United States first class mail, postage prepaid and properly addressed, to all parties listed on the attached Service List, and (ii) by electronic transmission to all registered ECF users appearing in the case on September 18, 2015.

>   */s/ Autumn D. Highsmith*
>   Autumn D. Highsmith